IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GRATES STACKS,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JILL FRITSCH, STEPHANIE PEREZ,<br>and CARITAS FAMILY SOLUTIONS,**<br><br>    **Defendants.** | Case No. 3:25-CV-1933-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

  Plaintiff Grates Stacks, proceeding *pro se*, filed this action under 42 U.S.C. § 1983 on October 17, 2025, against Defendants Caritas Family Solutions, Jill Fritsch, a foster care case worker, and Stephanie Perez, a foster care supervisor. (Doc. 1). The case is now before the Court on Stacks's Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) and Motion to Request Counsel (Doc. 5).

  Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying required costs and fees by submitting an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Here, the Court is satisfied from Stacks's affidavit that he is indigent. Stacks states that he is incarcerated at the Coles County Jail, he has no wages or income, and he has no cash or money in a checking or savings account. He also has four dependents. As Stacks is unable to pay the filing fee, his Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is granted.

Because Stacks is proceeding without prepayment of the filing fee, the Court must now screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2) and dismiss the Complaint if it is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense.").

In reviewing the Complaint, the undersigned is mindful that courts construe *pro se* claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not enough. The Complaint must allege enough facts to "state a claim to relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Instead, "the plaintiff must give enough details about the subject-matter of the case

to present a story that holds together." *Id.* at 404.

Here, Stacks alleges that he went to prison in 2021 and was released on March 27, 2024. (Doc. 1). Upon his release, he went to the home of his wife, Chelsea Stacks,[1] in Effingham, Illinois. (*Id.*). When the Illinois Department of Children and Family Services ("DCFS") and Defendant Caritas Family Solutions visited Chelsea's home to speak with her about her son (from a different relationship), they noticed Stacks was there. (*Id.*). DCFS and Caritas Family Solutions then made false accusations to Effingham County's State's Attorney that Stacks was living with Chelsea, that he abused his son, C.G., and that both Chelsea and Stacks were aware that Stacks was not supposed to have contact with Chelsea and the children. (*Id.*). Stacks claims there is no signed document by any court indicating he is not supposed to have contact with these individuals. (*Id.*). DCFS and Caritas Family Solutions also reported to the State's Attorney that Stacks had a past history of sex abuse or sex crimes, that Chelsea has a known substance abuse history including marijuana, cocaine, and heroin, that Chelsea failed to provide adequate food for one of the children, and that Chelsea failed to take "said minor child to [a] required specialist for GI issues" and to follow the minor's diet. (*Id.*).

At a temporary custody hearing on April 15, 2024, Stacks alleges, the State could not prove these allegations and an Illinois State Circuit Judge found both Stacks and Chelsea "not guilty of the reasoning DCFS and Caritas Family Solutions put into the report." (*Id.*). During the hearing, however, the State's Attorney filed a new charge of domestic abuse against Stacks. (*Id.*). Specifically, Stacks was alleged to have broken

---

[1] For clarity purposes, the Court refers to Ms. Stacks as "Chelsea."

Chelsea's arm in March 2024, even though Chelsea testified that nothing happened. (*Id.*). Moreover, although the State's witness testified that Chelsea told the witness that her right arm was broken, "when Chelsea Stacks questioned [the witness] about this call, [the witness] could not tell the court when or where it happened." (*Id.*).

Although the State's Attorney did not provide any evidence of domestic abuse, the judge stated that DCFS and Caritas Family Solutions did not need to provide physical evidence to prove that domestic abuse had occurred. The judge further stated that he did not believe Chelsea's testimony that nothing happened. Instead, the judge relied on Stacks's prior conviction for domestic abuse from 2019 for support that he committed domestic abuse again in 2024. (*Id.*). Stacks claims this is a violation of the Double Jeopardy Clause. (*Id.*).

As relief, Stacks asks that the minor children be returned to both parents in addition to punitive and compensatory damages in the amount of $10 million.

## DISPOSITION

To succeed on a claim brought pursuant to 42 U.S.C. § 1983, a plaintiff "must prove (1) the deprivation of a right secured by the Constitution or federal law and (2) that the defendants were acting under color of state law." *Wilson v. Warren Cnty., Illinois*, 830 F.3d 464, 468 (7th Cir. 2016). Additionally, "lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." *Palmer v. Marion Cnty.*, 327 F.3d 588, 594 (7th Cir. 2003) "Without evidence of personal involvement, the named individual defendants cannot be liable under § 1983." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017).

Here, although Jill Fritsch and Stephanie Perez were named as individual defendants, the Complaint does not allege that they were acting under color of state law or that they were personally involved in any purported constitutional violation. In fact, the body of the Complaint does not mention them whatsoever. Because the Complaint is devoid of any allegations as to Defendants Fritsch and Perez, they will be dismissed. *See Bostic v. Murray*, No. 23-1665, 2025 WL 3248684, at **5-6 (7th Cir. Nov. 21, 2025) (personal involvement requires "at least some causal connection or affirmative link between the action complained about and the official sued").

As to Caritas Family Solutions, [2] Stacks claims that it made several false accusations to the Effingham County State's Attorney about both him and Chelsea that led to the temporary custody hearing on April 15, 2024. While a "false accusation" or "fabricated evidence" claim may implicate a due process claim, the essence of such a claim "is that the accused was convicted and imprisoned based on knowingly falsified evidence, violating his right to a fair trial and thus depriving him of liberty without due process." *Patrick v. City of Chicago*, 974 F.3d 824, 835 (7th Cir. 2020). Here, however, Stacks has alleged that the Circuit Judge found both Stacks and Chelsea "not guilty" of the reasoning put into the report by Caritas Family Solutions. Thus, Stacks was afforded due process, the judge did not find the accusations credible, and any false accusations by Caritas Family Solutions cannot be said to have caused a constitutional deprivation.

---

[2] Although Stacks has not alleged that Caritas Family Solutions is a state actor, the Court presumes that it is for the purpose of this Order.

Because Stacks has not alleged any viable constitutional claim against Caritas Family Solutions, it will be dismissed as a defendant.

Finally, Stacks alleges that the Circuit Judge improperly relied on his prior domestic abuse conviction to support the State's Attorney's new charge of domestic abuse and did not require Caritas Family Solutions to provide any physical evidence that Stacks physically abused Chelsea. The judge, however, is not a named defendant in this case, and even if he were, he would be absolutely immune from suit as a judge. *Wilson v. Stewart*, 621 F. Supp. 3d 900, 914 (N.D. Ill. 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978) ("It is well settled that judges are absolutely immune from damages for their judicial acts[.]").

For these reasons, the Court finds that Stacks has failed to state a claim for any constitutional violation by a state actor under § 1983. His Complaint will therefore be dismissed.

## Conclusion

The Motion to Proceed in District Court Without Prepaying Fees or Costs filed by Plaintiff Grates Stacks (Doc. 3) is **GRANTED**, but his Complaint is **DISMISSED without prejudice** for failure to state a claim. Stacks's Motion to Request Counsel (Doc. 5) is **DENIED as moot**.

IT IS SO ORDERED.

DATED:   December 10, 2025

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**